# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. COOKE, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-1106-LPS |
| JEROME O. HERLIHY, et al., | : |
| Defendants. | : |

James E. Cooke, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

May 26, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff James E. Cooke, Jr. ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, a pretrial detainee, is currently housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Plaintiff is housed at the HRYCI, awaiting retrial of criminal charges, following the reversal of his conviction of rape in the first degree, burglary in the first degree, arson in the first degree, and two counts of murder in the first degree. *Cooke v. State*, 977 A.2d 803 (Del. 2009). A jury found Cooke guilty on March 8, 2007, and the same jury, on March 21, 2007, unanimously voted to recommend imposition of the death penalty. *State v. Cooke*, Crim. Nos. IN-05-06-1529, IN-05-06-1530, IN-05-06-1531, IN-05-06-1532, IN-05-06-1533, IN-05-06-2390, IN-05-06-2391, IN-05-06-2392, IN-05-06-2393, 2007 WL 2129018 (Del. Super. June 6, 2007). The trial judge sentenced Plaintiff to death on June 6, 2007. *Id.* On July 21, 2009, the Delaware Supreme Court reversed the judgment of the Superior Court and remanded for a new trial. *Cooke v. State*, 977 A.2d 803 (Del. 2009).

Plaintiff raises claims relative to his criminal prosecution for actions occurring from 2005 to 2007, as well as actions taken after the reversal of his criminal conviction and sentence by the

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

judiciary, his defense counsel, and prosecuting attorneys. He also complains that Warden Phil Morgan ("Warden Morgan") will not transfer him and that C/O Minelle Young ("Young") wrote a false disciplinary report against him. The present Complaint includes new claims and contains identical or very similar claims raised in other actions filed by Plaintiff in this Court, including Civ. No. 10-893-LPS, *Cooke v. Danberg*, and Civ. No. 10-1014-LPS, *Cooke v. Wood*. Plaintiff seeks compensatory damages and injunctive relief including a transfer to the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware and an investigation of certain defendants.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989; *see also Deutsch v. United States*, 67 F.3d 1080,

1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

"A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F.Supp. 986 (D. Del.,1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).

Other circuits have described more objective instances of malicious claims. For example, a complaint is malicious when it "duplicates allegations of another . . . federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). Also, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *See Crisafi v. Holland,* 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *See id.* at 1309; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie,* 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (stating duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.,* 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it duplicates allegations of another pending federal lawsuit by the same plaintiff or raises claims arising out of common nucleus of operative facts that could have been brought in the prior litigation).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent

4

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV.   DISCUSSION

### A.   Statute of Limitations

The Complaint, at pages AAA, BBB, and BBBB, raises claims for actions occurring from 2005 through 2007 during Plaintiff's first criminal trial. These claims are time-barred.[2]

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Campanello v. Port Auth. of New York & New Jersey*, 590 F. Supp. 2d 694, 700 (D.N.J. 2008).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). However, where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible. *See Smith v. Delaware Cnty. Court*, 260 F. App'x 454, 455 (3d Cir. Jan. 10, 2008) (not published).

---

[2]Additionally, these claims were raised in prior complaints and are considered malicious.

Plaintiff filed his complaint on December 13, 2010.³ The Complaint raises claims for actions that took place from 2005 through 2007. Hence, Plaintiff filed his Complaint well after the expiration of the two-year limitations period. Thus, it is evident from the face of the Complaint that the claims on pages AAA, BBB, and BBBB are barred by the two-year limitations period. Therefore, the Court will dismiss the claims as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.    State Actor**

The Complaint raises claims against private attorneys Jennifer K. Aaronson ("Aaronson") and Patrick Collins ("Collins"), Delaware Public Defender J. Brendan O'Neill ("O'Neill"), Assistant Public Defender Keven T. O'Connell ("O'Connell"), private psychologist Dr. Steve Eichel ("Eichel"), L.M.S.W. Melissa Lang ("Lang"), private psychologist/psychiatrist Dr. Shae ("Dr. Shae"), and *The News Journal* reporters Sean O'Sullivan ("O'Sullivan") and Estaban Parra ("Parra"). Additionally, Plaintiff names numerous witnesses as defendants. They include Timothy Mendez ("Mendez"), James Cooke, III ("Cooke III"), Elisa Cooke ("E. Cooke"), John Lipsey ("J. Lipsey"), Raymond Lipsey ("R. Lipsey"), James Sotrell ("Sotrell"), Karleen Sorrell ("K. Sorrell"), Adale Sorrell ("A. Sorrell"), Irene Sorrell ("I. Sorrell"), Seberina Sorrell ("S. Sorrell"), Paula Turner ("P. Turner"), James Turner ("J. Turner"), Kwashor Whitaker ("K.

---

³The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). This district has extended the mailbox rule to *pro se* § 1983 complaints. *See Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's Complaint was signed on December 13, 2010. Therefore, the Complaint was delivered to prison authorities for mailing on or after December 13, 2010. Giving Plaintiff the benefit, the Court concludes that Plaintiff's Complaint was filed on December 13, 2010, the date it was signed, which is the earliest date possible that it could have been delivered to prison officials for mailing.

Whitaker"), Tameka Whitaker ("T. Whitaker"), Matasha Golden ("Golden"), Ricky Patillio ("Patillio"), Ricky Patillio, Sr. ("Patillio Sr."), Ty Patillio ("T. Patillio"), and Ternise Giles ("Giles").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49.

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981). The other defendants are either private criminal defense attorneys or private individuals who, in some fashion, have been involved in Plaintiff's criminal case. These private individuals are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *see also Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Plaintiff's § 1983 claims against the foregoing defendants have no arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).[4]

C. **Judicial Immunity**

Plaintiff refers to hearings on October 29, 2010, and December 7 and 8, 2010 held by

---

[4]Additionally, the same or similar claims were raised against Aaronson, Collins, O'Neill, O'Connell, Eichel, Dr. Shae, and Lang in prior cases and are considered malicious.

7

Defendant Superior Court Judge Jerome O. Herlihy ("Judge Herlihy"), as well as an order entered by Judge Herlihy that appears to be related to Plaintiff's housing or cell assignment. Plaintiff also refers to a transfer of his criminal case to a different state, discussions regarding Plaintiff's defense counsel, and the issue of a mental illness defense.

In addition, the Complaint alleges that, during the October 29th hearing, Judge Herlihy suggested that Defendant Superior Court Judge Scott, Jr. ("Judge Scott") receive the court file; to Plaintiff, Judge Herlihy involved Judge Scott in "the scheme." The Complaint alleges that Judge Scott denied "all client funds to pertain to a fair trial." Finally, it is alleged that during the December 8th hearing, Judge Herlihy, along with the attorneys present, "frame[d] [Plaintiff's] name by fraudulent reports, false statements, and unfair hearing colloquy" and agreed "in a manner way not to give [Plaintiff] a fair hearing."[5] (D.I. 2 at A, AAA, AAAAA, B, BB, BBB, C, ¶ IV)

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* Here the allegations against Judge Herlihy and Judge Scott relate to actions made in their judicial capacity. The Complaint contains no allegations that Judge Herlihy or Judge Scott acted outside the scope of their judicial capacity, or in the absence of their

---

[5]The Complaint also contains allegations against Judge Herlihy that are time-barred. In addition, the same or similar claims were raised against Judge Herlihy in prior complaints filed by Plaintiff and, therefore, are considered malicious.

jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judge Herlihy and Judge Scott are immune from suit. The claims against them lack an arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Prosecutorial Immunity

The Complaint raises claims against Defendants Steven Wood ("Wood"), Paul R. Wallace ("Wallace"), Diana C. Walsh ("Walsh"), and Aaron Goldstein ("Goldstein"), all of whom are prosecutors and Deputy Attorneys General for the Delaware Department of Justice. More particularly, the Complaint alleges that: (1) a conference was held before Judge Herlihy on December 7, 2010 and attended by Wood and Walsh; (2) Goldstein was contacted about confiscated legal materials that were later returned but with some documents missing; (3) Wood, along with Judge Herlihy, ordered Plaintiff's unconstitutional confinement; (4) Wood and Walsh are violating ABA rules; (5) on December 8, 2010, Wood, Walsh, and Wallace proceeded to give Plaintiff an "unfair hearing with a scheme;" (6) during a hearing Wood stated, with regard to Plaintiff's psychological evaluation and the firing of his attorneys, "they are in the same position as they was in the first trial;" (7) Wood and Walsh are very reckless and deceitful; (8) during the December 8th hearing, the attorneys and Judge Herlihy, "frame[d] [Plaintiff's] name by fraudulent reports, false statements, and unfair hearing colloquy" and agreed "in a manner way not to give [Plaintiff] a fair hearing;" and (9) Goldstein did not transfer Plaintiff to the VCC. (D.I. 2 at A, AA, AAA, AAAA, BB, BBB, BBBB, ¶ IV, continuation sheet)

It is well established that a state prosecuting attorney is absolutely immune from liability pursuant to 42 U.S.C. § 1983 when the prosecutor's actions are related to the initiation and

prosecution of a criminal action. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom." *Id.* at 431 n.33.

Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. *See Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. *Id.* Therefore, absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Id.* Further, actions that relate to the prosecutor's role as an advocate are "judicial" actions. *Mancini v. Lester*, 630 F.2d 990, 993 (3d Cir. 1980).

Here, Plaintiff alleges that the actions of Wood, Wallace, Walsh, and Goldstein have violated his constitutional rights during the pretrial stages of his forthcoming retrial in his capital case. As described, most of the alleged acts occurred during judicial proceedings and required advocacy on the part of the prosecuting defendants and, therefore, fall within the realm of prosecutorial functions. Indeed, the alleged wrongful acts concern the decision to again prosecute Plaintiff and the strategy of Plaintiff's prosecution once that decision was made. Hence, even if Plaintiff's allegations are true, the prosecutors are immune from liability for their

actions. Some of the allegations also do not rise to the level of constitutional violations.

The claims against Wood, Wallace, Walsh, and Goldstein have no arguable basis in law or in fact. The claims against are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[6]

### E. **Eleventh Amendment**

The listing of defendants does not name the Delaware Department of Justice ("DOJ"). The Complaint, however, states that the DOJ is being sued for its failure to investigate Wallace, Judge Herlihy, Wood, and Walsh for corrupting the judicial system.

Plaintiff's claim against the DOJ is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency, such as the DOJ, from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007) (not published). In addition, dismissal is proper because a State is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. Aug. 1, 2008) (not published).

Therefore, the Court will dismiss the claims against the DOJ as it is immune from suit

---

[6]In addition, the same or similar claims were raised against Wood, Wallace, Walsh, and Goldstein in prior complaints filed by Plaintiff and, therefore, are considered malicious.

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

F. **Allegations against the Warden**

With regard to Warden Morgan, the Complaint contains a variety of allegations (only some of which are intelligible), including that: (1) Plaintiff was "denied all access loss weight and being threatened" by Warden Morgan; (2) Plaintiff was denied medical care and compelled to take a disciplinary infraction with an unfair hearing on orders by Warden Morgan; (3) Morgan did not contact Goldstein to transfer Plaintiff to the VCC while knowing that Plaintiff's life was in danger and that it was for the best; (4) Warden Morgan conspired to write fraudulent reports through the use of the correctional officers; and (5) Warden Morgan endangered Plaintiff's life. According to Plaintiff, the proper course of action is a transfer to the VCC. He states that the only way he will drop his suit against Warden Morgan is if he is transferred to the VCC. (D.I. 2 at AA, BBBB, continuation sheet)

The majority of the allegations against Warden Morgan consist of legal conclusions without supporting facts and, therefore, do not meet the pleading requirements of *Iqbal* and *Twombly*. In addition, some of the claims arise under the theory of respondeat superior. However, a § 1983 claim cannot be premised upon a theory of respondeat superior; instead, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (not published). Moreover, Plaintiff's allegations of threats do not rise to the level of an Eighth Amendment violation. *See McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson*, 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's

constitutional rights).

Finally, what Plaintiff really wants is a transfer to the VCC. Indeed, he states that he will dismiss his claims against Warden Morgan upon a transfer to the VCC. Plaintiff does not, however, have a constitutional right to be housed at the institution of his choosing. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities the officials choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution, whether it be inside the state of conviction, or outside that state. *See Olim v. Wakinekona*, 461 U.S. 238, 251(1983).

The claims against Warden Morgan have no arguable basis in law or in fact, are frivolous, and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[7]

### G. False Reports

The Complaint alleges that Young wrote fraudulent reports and slandered Plaintiff's name. As a result of the report authored by Young, Plaintiff was sent to "the hole" without a proper investigation. (D.I. 2 at continuation sheet).

Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) ("We have previously rejected reasoning that would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the

---

[7]In addition, similar claims were raised against Morgan in prior complaints filed by Plaintiff and, therefore, are considered malicious.

13

States.") (internal quotation marks omitted); *see also Hernandez v. Hunt*, 1989 WL 66634 (E.D. Pa. Jun 16, 1989). The slander claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Finally, Plaintiff is a pretrial detainee and has a liberty interest in being free from punishment prior to conviction under the Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979). To the extent that Plaintiff, as a pretrial detainee, was placed in "the hole" based upon a fraudulent report, the Court finds that he has stated an arguable due process claim.

## V. **CONCLUSION**

For the reasons discussed, Plaintiff will be allowed to proceed on his due process claim against Young. The Court will dismiss all other Defendants and claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

An appropriate Order follows.